## UKRANIAN AMERICAN BUILDING & LOAN ASS'N v SZURAN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12,133. Decided Oct 12, 1931

E. J. Kovanda, Esq., Cleveland, for plaintiff in error.

Briggs & Siegel, Cleveland, for defendant in error.

232

VICKERY, J.

The petition for a new trial contained something which was not germane to the subject and that is that the defense had no adequate remedy at law and, therefore asked the equitable branch of the court to intervene in its behalf and so claimed that it was an equitable case that could be appealed to this court.

An appeal was filed in this court and on motion of the defendant, the case not being appealable, this court dismissed the appeal and that judgment of dismissal has never been reversed or modified. Whatever was done in that appeal case the court now can do nothing. A petition in error was likewise filed under the statute and that is the case now before the court.

The Ukranian American Building and Loan Company had a legal remedy, had it been used in time, and merely because it was not used in time, does not authorize it to go into a court of equity, but if it goes into a court of equity it must go in a direct way. I am not saying that it would go in, but I am saying that this is a sort of an indirect attack upon the judgment. If it could avail itself of the equitable right of redress it must sue for the money that it wrongfully paid, and then set up its various grounds which prevented it from introducing its testimony, if it had any. But when it availed itself or could have availed itself of a statutory remedy in filing a petition after term for a new trial, the statute gave it a right, but limited in the exercise of that right. But the mere fact that it did not file it in time does not justify it in appealing to equity in that petition.

Equity does not give any rights where the party had a right at law and he failed to avail himself of that right. Equity follows the law and the mere fact that an injustice has been perpetrated does not mean that any time in the lifetime of the litigants and thereafter, the decision of the courts can be upset by the so-called 'justice' rule. Justice is best administered when the decisions of the courts follow the law. Otherwise justice would be the feeling of the court in any particular case, and one judge not having the same sort of notion that another judge had, the administration of justice would be as vascillating as the tempers of man. The only way to administer justice is to follow the law, and our legislature and our courts have tried to give redress in law for every wrongful action where damage results, but it must be procured in accordance with the principles and rules laid down by the legislature and the courts. It would be a very bad day for the administration of the law if the justice rule would prevail irrespective of the legal rights of the parties.

As the Supreme Court of Ohio said in the case of **Michael vs. The American National Bank, 84 Oh St, 370,** there must be an end to litigation, and although sometimes parties suffer a hardship, it is better in the long run that litigation end some time, in order that the parties may know what their rights are; and they cannot be disturbed long after there has been a decision of the court, just because an injustice happened to be worked.

Generally speaking, following the law results in justice, and not following the law makes justice seem rather "an uncertain jade."

Taking this whole record together, we cannot say but that the court below was right in sustaining the demurrer to this petition.

There being no other errors urged except those that I have discussed, the judgment of the court below will be affirmed.

LEVINE, PJ, and WEYGANDT, J, concur in judgment.